(No. 75880.

THOMAS DELANEY v. McDONALD'S CORPORATION *et al.* (McDonald's Corporation, Appellant; CECO Corporation *et al.*, Appellees).

*Opinion filed March 24, 1994.*

Kiesler & Berman, of Chicago (Bryan W. Luce, of counsel), for appellant.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Danette J. Buckley, of counsel), for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

At issue is whether the trial court erred in granting third-party defendant CECO Corporation's (CECO) motion for summary judgment against third-party plaintiff McDonald's Corporation (McDonald's).

The facts which gave rise to this dispute are as follows. On January 17, 1989, plaintiff, Thomas Delaney, filed a complaint against McDonald's, CECO, and others, alleging that he was injured on January 16, 1987, while working on a construction site. He also alleged that the defendants were negligent in connection with the condition of the premises.

McDonald's was served on January 25, 1989. On

December 7, 1990, McDonald's moved for leave to file a third-party contribution complaint against Gerhardt F. Meyne Company, CECO, and CECO Industries, Inc., which was granted. The third-party complaint was filed on December 10, 1990, and alleged that the third-party defendants were contractors engaged in construction at the site of third-party plaintiff's office campus, and that if plaintiff had indeed sustained injuries, these were caused by the wrongful acts and/or omissions of the third-party defendants.

On February 15, 1991, CECO moved to dismiss plaintiff's complaint with prejudice under Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) on the basis that it had never been served process. The motion was granted on May 20, 1991, with prejudice since the statute of limitations had run.

CECO then filed a motion for summary judgment in McDonald's contribution action. CECO argued that McDonald's had no right of contribution against it because plaintiff's complaint had been dismissed with prejudice. Summary judgment was granted in favor of CECO on the third-party complaint. The trial court further found that there was no just reason to delay enforcement or appeal of the order, and McDonald's appealed. The appellate court affirmed (249 Ill. App. 3d 239), and we granted leave to appeal (134 Ill. 2d R. 315). We reverse.

As a preliminary matter, we address CECO's assertion in its brief that, absent an abuse of discretion by the trial court, summary judgment will not be reversed. This is an incorrect statement of the law. In appeals from summary judgment rulings, we conduct a *de novo* review. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102.) We now turn to the merits of this case.

The Contribution Act provides for a right of contribution between people who are subject to liability in

tort arising out of the same injury. (Ill. Rev. Stat. 1991, ch. 70, par. 302(a).) The crux of this dispute is whether CECO was "subject to liability in tort" as meant by the Contribution Act.

This court's opinion in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, is dispositive of the issue before us. Therein the court ruled that whether a person is subject to liability in tort for purposes of the Contribution Act is determined at the time of the injury. (*Doyle*, 101 Ill. 2d at 10-11.) Here, CECO was subject to liability in tort at the time of the injury. The situation is not changed simply because the injured party, Thomas Delaney, suffered a dismissal of his own complaint against CECO. A contrary result would be both inequitable and unjust. Accordingly, the lower court award of summary judgment to CECO in this situation was erroneous.

The judgments of the circuit and appellate courts are reversed, and the cause is remanded to the circuit court for further proceedings.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded.*