LAWRENCE M. LAVINE, Plaintiff-Appellee, v. BOARD OF COMMISSION-ERS OF COOK COUNTY *et al.*, Defendants-Appellants.

First District (1st Division)    No. 1—93—3579

Opinion filed August 28, 1995.

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covy and Patricia M. Shymanski, Assistant State's Attorneys, of counsel), for appellants.

Altheimer & Gray, of Chicago (Theodore J. Low and Robert J. Mendes, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Defendant, Board of Commissioners of Cook County (Board), appeals the trial court's order granting summary judgment to plaintiff, Lawrence M. Lavine, M.D., on counts II and IV of his complaint requiring Cook County to pay Lavine's defense costs. On appeal, defendant contends that Cook County's Direct Care Indemnification Ordinance (Cook County Direct Care Indemnification Ordinance §§ 22—21 through 22—24 (January 7, 1980, as amended November 3, 1986)) does not impose a legal duty on the county to provide hospital personnel with legal defense when such persons are sued for actions which arise out of their employment.

Lavine filed a declaratory judgment in the circuit court of Cook County following defendant's refusal to defend him in two medical malpractice lawsuits. He asked the court to declare that defendant was obligated to defend and indemnify him in both suits. Both parties filed motions for summary judgment. Prior to hearing on these motions, the malpractice suits were settled. Because neither settlement resulted in judgment or liability against Lavine, the circuit court dismissed the counts of Lavine's complaint which related to indemnification. However, following a hearing, the circuit court held that Lavine was entitled to defense under the ordinance as a matter of law and ordered defendant to pay the cost of Lavine's defense because it had refused to defend him. Defendant now appeals this order.

The sole issue on appeal is whether the Cook County Direct Patient Care Indemnification Ordinance creates a *per se* right on the part of employees covered by the ordinance to a defense by the county when sued for actions which arise out of their employment.

Defendant contends that the ordinance does not grant Lavine the *per se* right to a defense; it merely grants the possibility of indemnification. The ordinance reserves the county's right to defend an employee but does not create a duty on the part of the county to do so. The right to be defended is not necessarily implied in the concept of indemnification, as Lavine argues and as the circuit court found. According to defendant, the duty to defend and the duty to indemnify are distinct and accrue under different circumstances. Finally, defendant contends that the principles of indemnification found in insurance law are not applicable.

Lavine argues that, taken as a whole, the ordinance makes it clear the county must defend and indemnify individuals in Lavine's position. According to Lavine, indemnification contemplates a defense function. Further, the ordinance was promulgated as a benefit to employees and is in the nature of medical malpractice insurance. It was part of the bargain of their employment as they were not required to otherwise obtain medical malpractice insurance.

Summary judgment is proper when the pleadings, depositions, affidavits, admissions, and other matters on file demonstrate there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992).) A reviewing court examines the propriety of summary judgment *de novo*. *Delaney v. McDonald's Corp.* (1994), 158 Ill. 2d 465, 467, 634 N.E.2d 749, 750.

■ The only issue before us is one of statutory construction. Our primary goal is to ascertain and give effect to the county's intent in enacting this ordinance. (*Jahn v. Troy Fire Protection District* (1994), 163 Ill. 2d 275, 283, 644 N.E.2d 1159, 1162.) We must first look to the statutory language as it is the best indication of the drafters' intent. (*Illinois Graphics Co. v. Nickum* (1994), 159 Ill. 2d 469, 479, 639 N.E.2d 1282, 1287.) If the language is clear and unambiguous, no judicial construction is permitted and we must give effect to the plain and ordinary meaning of the language. In other words, the language should be interpreted without reference to extrinsic materials. (*People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1254.) Where the meaning is unclear, we may look beyond the language and consider the purpose behind the law and the evil to be remedied by it. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.* (1994), 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822.

The ordinance at issue states:

> **"Direct Patient Care Employee Indemnified against Claims Arising out of Employment**
> 22—21 (1) The County of Cook shall indemnify, save and hold harmless each intern, resident, attending physician, volunteer physician, consultant physician, registered nurse, nurse practitioner, and any other direct patient care employee of the Cook County Hospital, *** and all health facilities or clinics operated by the County of Cook County against all actions, claims or judgments of any kind or nature arising out of their employment ***; provided, however, that this indemnification shall in no way apply to the extent that any liability asserted against the individual is based upon his or her deliberate wrongdoing." Cook County Direct Care Indemnification Ordinance § 22—21 (January 7, 1980, as amended November 3, 1986).

**"County's Right to Defend**

22—22 (2) In case of indemnification hereunder, the County of Cook shall have the exclusive right to defend any such action or claim with counsel of its own choosing. Any employee who desires to retain additional counsel may do so at his or her own expense. The County of Cook shall not assume any responsibility for any judgment award against an employee in whose defense the County of Cook did not participate." Cook County Direct Care Indemnification Ordinance § 22—22 (January 7, 1980, as amended November 3, 1986).

■ We find the plain language and a reasonable reading of the statute include a right of defense. When read as a whole, it is clear that the Board contemplated a defense element since it addressed its right to choice of counsel in section 22—22. Section 22—22 also authorizes the retention of an "additional" counsel should an employee so desire.

In addition, the State's Attorney's letter accompanying the proposed ordinance submitted to the Board exhibits that the drafters intended it to be a "medical malpractice insurance" policy and, therefore, the right to a defense is included. The letter states:

"Please find enclosed a proposed Ordinance to establish *medical malpractice coverage* for our 'hands on' medical staff. A similar Resolution was enacted by Health and Hospitals Governing Commission. It is very important that this be expedited as the *staff must be continuously covered from damage actions*." (Emphasis added.) (Board of Commissioners, January 7, 1980, at 497 (letter from State's Attorney to Secretary of Board of Commissioners).)

Based on the fact the drafters believed this to be a medical malpractice policy, where the right to a defense is generally a part of such policy, we find the drafters intended for hospital personnel not only to be indemnified but also the county would pay defense costs.

For the foregoing reasons, the decision of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and WOLFSON, J., concur.