(No. 87189.—

JAMES P. GUERINO *et al.* v. DEPOT PLACE PART-NERSHIP (The Concrete Doctor, Inc., Appellee, v. Levy Shackleford *et al.*, Appellants).

*Opinion filed May 18, 2000.*

RATHJE, J., took no part.
HARRISON, C.J., joined by BILANDIC, J., dissenting.

Scott R. Landa, of Ryan, Ryan & Landa, Ltd., of Waukegan, for appellant Levy Shackleford.

James K. Horstman and Barry L. Kroll, of Williams & Montgomery, Ltd., of Chicago, for appellant Waste Management of Illinois, Inc.

Linda E. Spring, of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellant David Barton.

Steven M. Kowal, of Bell, Boyd & Lloyd, of Chicago, for appellant James Raupp.

William R. Quinlan, Jeffrey T. Kubes, John P. O'Malley and Jean M. Prendergast, of Quinlan & Crisham, Ltd., of Chicago, for appellant Semmerling Fence & Supply, Inc.

Cassiday, Schade & Gloor, of Chicago (Bruce M. Wall, Alison E. O'Hara and J. Randall Davis, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

In this complicated multiparty litigation, fourth-party defendant Semmerling Fence and Supply, Inc. (Semmerling), claims that fourth-party plaintiff, The Concrete Doctor, Inc. (Concrete Doctor), cannot state a cause of action for contribution under section 2 of the Joint Tortfeasor Contribution Act (the Act) (740 ILCS 100/2 (West 1996)) against Semmerling and other fourth-party defendants because Concrete Doctor's tort liability was extinguished, leaving only contractual liability as a basis for the action. In addition, fourth-party defendants Levy Shackleford, individually and doing business as Durabilt Fence Company (Shackleford); David Barton, individually and doing business as David Barton Fence Company (Barton); James Raupp (Raupp); and Waste Management of Illinois, Inc. (Waste Management), challenge the good faith of a settlement agreement between plaintiffs James and Katrina Guerino, defendant and third-party plaintiff

Depot Place Partnership (Depot Place), and third-party defendant and fourth-party plaintiff Concrete Doctor. Because we agree with Semmerling that Concrete Doctor cannot state a claim for contribution against fourth-party defendants under the Act as a matter of law, we need not consider the good faith of the settlement agreement.

## BACKGROUND

On March 23, 1993, plaintiffs filed an action in negligence against Depot Place. The complaint alleged that on April 5, 1991, James Guerino, an employee of Concrete Doctor, was injured by a falling I-beam, an integral part of a mechanical gate located on premises owned by Depot Place and leased to Concrete Doctor. Depot Place filed a third-party complaint against Concrete Doctor on February 5, 1996, seeking recovery on theories of liability under the Contribution Act, breach of contractual duties to inspect and maintain the premises under the lease, and indemnification based on an express indemnity provision in the lease agreement. Depot Place subsequently amended its third-party complaint to add contribution claims against Shackleford, Barton, Raupp, Waste Management and Semmerling. Depot Place alleged that each of the additional third-party defendants had some connection to the design, fabrication, construction, installation or maintenance of the allegedly defective mechanical gate.

All third-party defendants filed motions to dismiss Depot Place's claims as time-barred under the two-year statute of limitations for contribution actions. 735 ILCS 5/13—204(b) (West 1996). The trial court granted the motions to dismiss with regard to the contribution actions, but refused to dismiss Depot Place's third-party action against Concrete Doctor for breach of contract and indemnification, which was subject to a 10-year statute of limitations. The appellate court affirmed the trial court's dismissal of the third-party contribution claims.

*Guerino v. Depot Place Partnership*, 292 Ill. App. 3d 1122 (1997) (unpublished order under Supreme Court Rule 23).

On April 18, 1997, Concrete Doctor filed a fourth-party complaint for contribution against Shackleford, Barton, Raupp, Waste Management and Semmerling (collectively, fourth-party defendants) pursuant to section 2 of the Contribution Act (740 ILCS 100/2 (West 1996)). Shortly afterward, on June 11, 1997, plaintiffs, Depot Place and Concrete Doctor reached a settlement agreement. Concrete Doctor moved for a finding that the settlement was in good faith so that it could proceed with its fourth-party contribution action. Waste Management and Barton both filed objections, but on July 23, 1997, the trial court found the settlement in good faith.

In September 1997, fourth-party defendants filed motions to dismiss Concrete Doctor's fourth-party contribution action under both section 2—615 and section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1996)), arguing that Concrete Doctor could not state a claim for contribution in tort when the only claims against it sounded in contract. The trial court granted these motions on December 17, 1997.

In a consolidated appeal, the appellate court affirmed the trial court's finding of good faith as to the settlement, but reversed the trial court's dismissal of Concrete Doctor's complaint for contribution, thus reinstating the contribution action against fourth-party defendants. Nos. 2—97—1042, 2—97—1043, 2—98—0008 cons. (unpublished order under Supreme Court Rule 23). Fourth-party defendant Semmerling's petition for leave to appeal to this court, which argued that Concrete Doctor failed to state a cause of action under the Contribution Act, was denied. Guerino v. Depot Place Partnership (Levy Shackleford), 184 Ill. 2d 556 (1999) (leave to appeal denied). However, fourth-party defendant Waste Management's

petition for leave to appeal, which argued that the settlement agreement was not reached in good faith, was allowed. Guerino v. Depot Place Partnership (Levy Shackleford), 184 Ill. 2d 556 (1999) (leave to appeal allowed). Shackleford, Barton and Raupp subsequently joined Waste Management's appeal. This court granted Semmerling's motion for leave to file a separate brief pursuant to Supreme Court Rule 318(a) (155 Ill. 2d R. 318(a)).

## ANALYSIS

As a preliminary matter, Concrete Doctor argues that Semmerling may not now raise its claim that Concrete Doctor cannot state a cause of action against fourth-party defendants under the Contribution Act because this court denied Semmerling's petition for leave to appeal challenging the appellate court's reversal of the trial court's dismissal of Concrete Doctor's fourth-party contribution action. Concrete Doctor is incorrect.

First, we note that Waste Management's petition for leave to appeal, which was allowed by this court, requested review "for the reasons stated above and in the petition for leave to appeal filed by Semmerling Fence & Supply, Inc. (which is adopted and incorporated by reference herein)." Additionally, Semmerling's Rule 318(a) motion for leave to file its own brief, which was allowed by this court, specifically stated that it would focus on whether the trial court properly dismissed Concrete Doctor's fourth-party action for contribution. The fact that leave to appeal was denied carries no precedential value and in no way amounts to a consideration by this court of the merits of Semmerling's claims. See *Relph v. Board of Education of DePue Unit School District No. 103*, 84 Ill. 2d 436, 442 (1981); *People v. Vance*, 76 Ill. 2d 171, 182-83 (1979). This court's review may cover all matters properly raised and passed on in the course of litigation. *Relph*, 84 Ill. 2d at 442. Thus, the issues now raised by Semmerling are properly before this court.

Because we find Semmerling's claim that Concrete Doctor failed to state a cause of action under the Contribution Act dispositive, we shall address this issue first. Semmerling argues that, in reversing the circuit court's dismissal of Concrete Doctor's fourth-party complaint for contribution, the appellate court improperly relied upon section 2(a) of the Contribution Act, to the exclusion of section 2(b). According to Semmerling, because the only claims in Depot Place's third-party complaint which survived dismissal were based on Concrete Doctor's contractual obligations under its lease agreement with Depot Place, to which fourth-party defendants were not parties, Concrete Doctor is unable to state a claim under section 2(b) of the Act. Section 2 of the Contribution Act states:

"§ 2. Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.

(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability." 740 ILCS 100/2(a), (b) (West 1996).

In holding that fourth-party defendants could be held liable in contribution to Concrete Doctor, the appellate court relied upon the language of section 2(a) of the Act, which provides a right to contribution where two or more persons are "subject to liability in tort arising out of the same injury to person or property." 740 ILCS 100/2(a) (West 1996). This language has been interpreted by this court as allowing a right of contribution against a party who was potentially liable in tort to the underlying plaintiff at the time of the injury. See *Vroegh v. J&M*

*Forklift*, 165 Ill. 2d 523, 529 (1995); *Delaney v. Mc-Donald's Corp.*, 158 Ill. 2d 465, 468 (1994); *Doyle v. Rhodes*, 101 Ill. 2d 1, 11 (1984). Thus, the appellate court reasoned, even though the third-party breach of contract and indemnity claims brought by Depot Place constituted the means by which Concrete Doctor was required to contribute towards plaintiffs' damages, fourth-party defendants were potentially liable in tort at the time plaintiffs' injuries occurred. Therefore, the appellate court concluded, Concrete Doctor stated a claim for contribution against fourth-party defendants.

The appellate court, however, misapprehended the holdings of *Vroegh*, *Delaney* and *Doyle*. In each of these cases, this court considered only whether a contribution defendant could be subject to liability within section 2(a) of the Contribution Act, and therefore liable for contribution to a contribution plaintiff, when the contribution defendant's liability to the original, underlying plaintiff was extinguished. *Vroegh*, 165 Ill. 2d at 528-29; *Delaney*, 158 Ill. 2d at 467-68; *Doyle*, 101 Ill. 2d at 6. In each case, however, the contribution plaintiff's liability in tort remained intact. By contrast, in the instant case Concrete Doctor, the contribution plaintiff, has no tort liability, and is subject to liability to Depot Place solely on the basis of the lease agreement between the two parties. Thus, the issue presented in this case—whether a party who pays contract damages based upon an independent contractual obligation may recover contribution under the Act from other potential tortfeasors—is a matter of first impression before this court.

We agree with Semmerling's contention that the appellate court erred by looking solely to section 2(a) of the Contribution Act without regard to whether the elements of a contribution action found in section 2(b) are met. Section 2(a) of the Act centers on a theoretical, inchoate right to contribution, while section 2(b) establishes the

reality of what a contribution plaintiff must plead and prove in order to obtain recovery. Reading both sections together, it is clear that a party seeking contribution whose only liability is contractual liability fails to state a cause of action for contribution under the Act. Although Concrete Doctor's complaint for contribution may satisfy section 2(a) of the Act, the plain language of section 2(b) further provides for a right of contribution only in favor of "a tortfeasor who has paid more than his *pro rata* share of the common liability." 740 ILCS 100/2(b) (West 1996). In the instant case, Concrete Doctor cannot meet these additional requirements.

First, there is no common liability between Concrete Doctor and fourth-party defendants. Concrete Doctor settled its third-party action with Depot Place because of its perceived contractual liability under the lease agreement between the two parties. None of the fourth-party defendants, however, are parties to the lease agreement. Thus, fourth-party defendants share no common liability under it. Second, Concrete Doctor cannot be said to have paid more than its *pro rata* share because any liability was Concrete Doctor's alone pursuant to the lease. Fourth-party defendants share in no part of the contractual liability. Concrete Doctor thus has no right of contribution from fourth-party defendants.

Our holding is further consistent with the policies underlying the Contribution Act. Contribution liability is predicated on tort, not contract, liability. In the instant case, however, Concrete Doctor seeks contribution for amounts it paid to settle a third-party action based on its liability under a lease contract with Depot Place. Had it not been for Concrete Doctor's independent decision to enter into this lease agreement with Depot Place, Concrete Doctor would not even have a mechanism available by which to seek contribution. That Concrete Doctor made this fortuitous agreement should not subject

fourth-party defendants to liability for a contract in which they took no part. Concrete Doctor alone bargained for the terms of its lease agreement with Depot Place, including the express indemnity provision and any potential exposure to damages. It cannot now use a contribution action to shift its bargained-for liability to fourth-party defendants. To hold fourth-party defendants liable in contribution to Concrete Doctor based upon these contractual obligations is unreasonable and falls outside the type of recovery contemplated by the Act.

Because we find that Concrete Doctor failed to state a claim for contribution against fourth-party defendants under the Act, we need not address whether the trial court abused its discretion in finding the settlement agreement between plaintiffs, Depot Place and Concrete Doctor in good faith.

## CONCLUSION

For the above reasons, the appellate court's judgment reinstating Concrete Doctor's contribution claim against fourth-party defendants is reversed. The circuit court's judgment dismissing such claim is affirmed. The circuit and appellate courts' judgments as to the good faith of the settlement agreement are vacated.

*Appellate court judgment reversed*
*in part and vacated in part;*
*circuit court judgment affirmed*
*in part and vacated in part.*

JUSTICE RATHJE took no part in the consideration or decision of this case.

CHIEF JUSTICE HARRISON, dissenting:

Because we denied Semmerling's separate petition for leave to appeal, which challenged the appellate court's judgment reversing the circuit court's dismissal of Concrete Doctor's complaint for contribution against the

fourth-party defendants (Guerino v. Depot Place Partnership, 184 Ill. 2d 556 (1999) (leave to appeal denied)), the propriety of that judgment would normally be beyond our review in this proceeding. See, *e.g.*, *Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 527-28, 531 (1995). As the majority opinion notes, however, Waste Management's petition, which we did allow, expressly incorporated the issues raised by Semmerling, and Semmerling was subsequently granted leave to file a separate brief which raised the points it had previously asserted in its petition for leave to appeal. Under these circumstances, it would be disingenuous for us to now hold that Semmerling was barred from challenging the appellate court's judgment regarding the validity of Concrete Doctor's fourth-party claim. For this reason, I agree with the majority's conclusion that the matter is properly before us. I disagree, however, with how the matter has been resolved.

Contrary to my colleagues, I do not believe that Concrete Doctor failed to state a claim for contribution against the fourth-party defendants. Whether a party is potentially liable in tort is determined at the time of the injury out of which the right to contribution arises, not at the time the action for contribution is brought. *Vroegh*, 165 Ill. 2d at 529. In the case before us, there is no doubt that Concrete Doctor was potentially liable in tort at the time Guerino was injured. As Guerino's employer, Concrete Doctor could have invoked the Workers' Compensation Act as an affirmative defense had it been sued by plaintiff directly, but the law is well established that the availability of such an affirmative defense does not preclude a defendant from availing itself of the Contribution Act. *Vroegh*, 165 Ill. 2d at 529-30.

The fourth-party defendants were also potentially liable in tort at the time of Guerino's injury. That potential liability was not negated by their subsequent success in invoking the statute of limitations. As with the Workers'

Compensation Act defense available to Concrete Doctor, the limitations defense available to the fourth-party defendants did not oust them from the provisions of the Contribution Act. *Delaney v. McDonald's Corp.*, 158 Ill. 2d 465 (1994).

Because Concrete Doctor and the fourth-party defendants were all potentially liable in tort as a result of Guerino's injury, there was a "right of contribution among them" within the meaning of section 2(a) of the Contribution Act (740 ILCS 100/2(a) (West 1996)). Contrary to the majority's holding, Concrete Doctor's right to seek contribution from the other tortfeasors was not extinguished by the dismissal of the third-party action against it. Because of its agreement with Depot Place, Concrete Doctor remained liable for Guerino's injuries. Although Concrete Doctor assumed liability for Guerino's injuries contractually, the ultimate basis for Concrete Doctor's liability is irrelevant. All that matters under the Contribution Act is that the party seeking contribution and the party from whom contribution is sought be potentially liable to the plaintiff, in tort, at the time the plaintiff was injured. *Vroegh*, 165 Ill. 2d at 529. As previously indicated, that condition was satisfied here.

I note, moreover, that while Concrete Doctor's ultimate liability flowed from its contractual agreement with Depot Place, the damages for which Concrete Doctor was liable were based on the injuries sustained by Guerino which were compensable under tort law. The contractual provisions merely shifted the burden of paying the damages for those injuries from Deport Place back to Concrete Doctor. It is exactly as if Concrete Doctor had been sued in tort directly.

Because Concrete Doctor was potentially liable in tort at the time Guerino was injured and because the damages it paid were based on Guerino's tort claims, the appellate court was correct in concluding that Concrete

Doctor's complaint for contribution should not have been dismissed. Concrete Doctor had a viable claim under the Contribution Act, and allowing that claim to go forward is fully consistent with the Act's purposes. Accordingly, I believe that our court should proceed to the question for which we granted Waste Management's petition for leave to appeal, namely, whether the settlement for which Concrete Doctor seeks contribution was made in good faith. That is an issue my colleagues have failed to address but should. I therefore dissent.

JUSTICE BILANDIC joins in this dissent.