SIXTH DIVISION

February 2, 2001

No. 1-99-1798

GARY A. NEWLAND, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) No. 98 CH 10336

)

BUDGET RENT-A-CAR SYSTEMS, INC., )

BUDGET RENT-A-CAR CORPORATION, and )

BARGAIN AUTO RENTAL, INC., ) The Honorable

) 
Lester D. Foreman
,

Defendants-Appellants. ) Presiding Judge.

JUSTICE BUCKLEY delivered the opinion of the court:

This is an appeal from the trial court's order dismissing plaintiff's complaint with prejudice.  Two issues are raised: (1) whether, at the time of the instant controversy, car rental companies were permitted to sell automobile insurance without a
 license; and (2) if car rental companies were not so required, whether plaintiff sufficiently stated a claim for relief.

I. BACKGROUND

In November 1998, plaintiff Gary Newland filed an amended complaint against Budget Rent-A-Car Corporation and its related entities.  According to the amended complaint, in October 1997, plaintiff rented a car from Bargain (a Budget licensee).  As part of the rental contract, plaintiff purchased a supplemental "per-sonal accident and cargo insurance" (PACI) policy.  

The amended complaint does not allege that plaintiff was involved in any sort of accident or that he attempted to make a claim pursuant to the PACI policy.  Nor does it allege that defen-dants misrepresented the scope of the PACI policy's coverage.  

The central theory to plaintiff's complaint is that defendants were not licensed to sell insurance, as required under section 492.2 of the Illinois Insurance Code (215 ILCS 5/492.2 (West 1998)).  Relying on this contention, plaintiff pled two counts.  Count I alleged that defendants' misconduct resulted in unjust enrichment.  Specifically, plaintiff contended that defendants illegally sold PACI and the profits therefrom (
i.e.
, the money defendants collected exceeded the cost of such insurance) constituted unjust enrichment.  Count I requested that the trial court deem plaintiff entitled to a return of the PACI premium.  Plaintiff based count II of the amended complaint under the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 
et seq.
 (West 1998)).  Count II alleged that defendants engaged in deceptive business practices by selling insurance without a license.  Count II further alleged that such insurance was "of minimal value" and "duplicative of insurance commonly held by renters."  Count II's prayer for relief sought damages and injunctive relief.  

Defendants moved to dismiss the amended complaint, arguing that it failed to state a cause of action.  Defendants argued, 
inter alia
, that section 492.2 of the Insurance Code did not apply and, in the alternative, that plaintiff failed to state a claim under unjust enrichment and Consumer Fraud Act theories.  In March 1999, the trial court granted defendants' motion, concluding that section 492.2 did not apply.  The court allowed plaintiff 28 days to refile.  However, plaintiff elected to stand on his amended complaint.  In May 1999, the trial court dismissed plaintiff's case with prejudice pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1998)). 

Plaintiff now appeals, arguing that (1) car rental companies, at the time of the controversy, were required to obtain a license in order to sell supplemental auto insurance; and (2) he sufficiently stated causes of action under an unjust enrichment theory and under the Consumer Fraud Act.

II. ANALYSIS

When considering a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure, we interpret all well-pled allegations and supporting documents in the light most favorable to the nonmoving party.  
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 189 (1997).  Only where the plaintiffs fail to allege facts supporting a cause of action should the court grant the motion to dismiss.  
In re Chicago Flood Litigation
, 176 Ill. 2d at 189.  Our review of the trial court's determination of a motion to dismiss is 
de novo
.  
In re Chicago Flood Litigation
, 176 Ill. 2d at 189.

A. Whether Car Rental Companies Need Be Licensed 

We first address plaintiff's argument that section 492.2 of the Insurance Code (215 ILCS 5/492.2 (West 1998)) requires a car rental company to hold a license to sell supplemental rental insurance.
(footnote: 1)  Defendants disagree and contend that section 305(f) of the Illinois Vehicle Code (625 ILCS 5/6-305(f) (West 1998)) pre-cludes such a finding.

The principal rule of statutory construction is to ascertain and give effect to the legislature's intent.  
Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.
, 158 Ill. 2d 76, 81 (1994).  To determine the legislature's intent, courts first look to the statute's language.  
Zekman v. Direct American Marketers, Inc.
, 182 Ill. 2d 359, 368-69 (1998).  Courts accord the statute's language a plain and commonly understood meaning.  
R.L. Polk & Co. v. Ryan
, 296 Ill. App. 3d 132, 140 (1998).  If possi-ble, courts must give effect to every word, clause, and sentence and may not read a statute so as to render any part inoperative, superfluous, or insignificant.  
Bauer v. H.H. Hall Construction Co.
, 140 Ill. App. 3d 1025, 1028 (1986).  Courts must not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express.  (See 
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990)).  Statutes should be evaluated as a whole and each provision should be construed in connection with every other section.  
Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n
, 165 Ill. App. 3d 235, 247 (1987).  When an apparent conflict exists between statutes, courts must construe statutes in harmony if possible.  
Williams v. Illinois State Scholarship Comm'n
, 139 Ill. 2d 24, 52 (1990).

We find that the clear language of section 492.2 of the Insurance Code suggests that plaintiff is correct.  Section 492.2 reads as follows:

"(a) 
No person
 shall act as or hold himself out to be an insurance producer unless duly licensed in accordance with this Article for the class or classes of insurance as to which he acts or holds himself out as an insurance producer.

(b) 
No person
 shall, for a fee, engage in the business of offering any advice, counsel, opinion or service with respect to the benefits, advantages or disadvantages under any policy of insurance that could be issued in Illinois, 
unless
 that person is

(1) engaged or employed as an attorney licensed to practice law and performing duties incidental to that position;

(2) a licensed insurance producer, limi-ted insurance representative or temporary insurance producer offering advice concerning a class of insurance as to which he is licensed to transact business;

(3) a trust officer of a bank performing duties incidental to his position;

(4) an actuary or a certified public accountant engaged or employed in a consulting capacity, performing duties incidental to that position;  or

(5) a licensed public adjuster acting within the scope of his license.

(c) In addition to any other penalty set forth in this Article, any individual violat-ing paragraph (a) or (b) is guilty of a Class A misdemeanor.  Any individual violating para-graph (a) or (b) and misappropriating or converting any monies collected in conjunction with such violation is guilty of a Class 4 felony."  (Emphasis added.)  215 ILCS 5/492.2 (West Supp. 1999).

Examining section 492.2's clear language, we find no indication that the legislature intended to exempt car rental companies from the licensing requirement.  To the contrary, section 492.2 uses broad, sweeping language restricting the sale of insurance.  Further, the legislature articulated several exemptions to the licensing requirement in section 510.2 of the Insurance Code (215 ILCS 5/510.2 (West 1998)).  Car rental companies are not listed among those entities, further suggesting that they are not exempt.  See 
Baker v. Miller
, 159 Ill. 2d 249, 260 (1994); 
Business Service Bureau, Inc. v. Martin
, 306 Ill. App. 3d 907, 910 (1999) (noting the statutory construction maxim 
inclusio
 
unius
 
est
 
exclusio
 
alterius
, 
i.e.
, the enumeration of specific things in a statute implies the exclusion of others).

Nevertheless, defendants argues that section 6-305(f) of the Vehicle Code exempts car rental companies.  Section 6-305(f) provides: 

"Any person who rents a motor vehicle to another shall only advertise, quote, and charge a rental rate that includes the entire amount except taxes and a mileage charge, if any, which a renter must pay to hire or lease the vehicle for the period of time to which the rental rate applies.  Such person shall not charge in addition to the rental rate, taxes, and mileage charge, if any, any fee which must be paid by the renter as a condition of hiring or leasing the vehicle, such as, but not limited to, required fuel or airport surcharges, nor any fee for transporting the renter to the location where the rented vehicle will be delivered to the renter.  In addition to the rental rate, taxes, and mileage charge, if any, 
such person may charge for an item or service provided in connection with a particular rental transaction if the renter can avoid incurring the charge by choosing not to obtain or utilize the optional item or service.  Items and services for which such person may impose an additional charge include, but are not limited to, optional insurance
 
and
 
accessories
 
requested by the renter
, service charges incident to the renter's optional return of the vehicle to a location other than the location where the vehicle was hired or leased, and charges for refueling the vehicle at the conclusion of the rental transaction in the event the renter did not return the vehicle with as much fuel as was in the fuel tank at the beginning of the rental."  (Emphasis added.)  625 ILCS 5/6-305(f) (West 1998).

Defendants argue that section 6-305(f)'s above-emphasized language is more specific than that contained in section 492.2 of the Insurance Code and, therefore, exempts car rental companies from the licensing requirement.  We reject this argument.  

First, we note that section 6-305(f) of the Vehicle Code does not specifically state that car rental companies are exempt from licensing.  The text of section 6-305(f) merely lists items for which car rental companies can and cannot charge their customers.  That section 6-305(f) permits car rental companies to charge their customers a fee in order to recover costs for a service does not necessarily mean that they need not first obtain a license to provide the service.  We decline to make such a finding.   See 
Kraft
, 138 Ill. 2d at 189 (holding that courts must not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express).  

That section 6-305(f) allows car rental companies to 
charge
 for certain services does not necessarily mean that they can provide such services with unbridled autonomy.  Rather, they must still comply with other relevant statutes.  For example, section 6-305(f) also allows car rental companies to charge customers when the company must transport a car from one location to another.  However, it does not follow that the person transporting the car need not possess a driver's license.  Section 6-305(f) also allows car rental companies to charge customers for refueling costs.  However, it does not follow that the car rental company can run its own gas station without proper licensing, permits, supervision by the Illinois Department of Agriculture, and appropriate weights and measures guidelines.

Defendants correctly note that specific statutory provisions usually prevail over general provisions.  See 
Brown v. Mason
, 132 Ill. App. 3d 439, 441 (1985).  However, courts only resort to this device when the two provisions 
conflict
.  See 
Brown
, 132 Ill. App. 3d at 441.  We find that section 6-305(f) of the Vehicle Code and section 492.2 of the Insurance Code can be construed harmoniously and no conflict exists.

 B. Whether the Amended Complaint Stated a Cause of Action 

Defendants also based their motion to dismiss on the theory that the amended complaint fails to state a claim under an unjust enrichment theory and under the Consumer Fraud Act.  We too have some difficulty with plaintiff's assertion that he sustained recoverable damage as a result of defendants' misinterpretation of the Vehicle Code.  However, the record indicates that, in granting the motion to dismiss, the trial court relied solely upon its finding that the Insurance Code did not apply.  We, therefore, find it preferable to limit our holding to that issue and remand for further proceedings consistent with this order.  

III. CONCLUSION

For the foregoing reasons, we reverse and remand.

Reversed and remanded. 

Campbell, P.J., and Gallagher, J., concur.

FOOTNOTES
1:
Subsequent to the trial court's decision in this case, the legislature enacted a new section to the Insurance Code that specifically requires car rental companies to obtain a limited license to sell insurance.  215 ILCS 5/495.2 (West Supp. 2000).