FIFTH DIVISION
March 31, 2006

No. 1-05-1874

| | | |
|---|---|---|
| UNITED GENERAL TITLE INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| AMERITITLE, INC., | ) | Honorable |
| | ) | Paddy H. McNamara, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

AmeriTitle petitioned this court for review pursuant to Illinois Supreme Court Rule 308(a) (155 Ill. 2d R. 308) which this court granted on August 9, 2005. We are requested to answer the following two certified questions:

"1. In an action where the plaintiff, a title insurance underwriter, claims that the defendant, a title insurance agent, breached its contractual obligation to indemnify the plaintiff, and seeks indemnification for its alleged costs, pursuant to the terms of a written 'Title Policy Issuing Agreement' entered into by and between the parties, does the two-year statute of limitation set forth in Section 13-

204(a) of the Code applicable to all actions for contribution or indemnity apply and preempt all other statutes of limitation (735 ILCS 5/13-204(a) and (c) (2004)), or does the ten-year statute of limitation on written contracts set forth in Section 13-206 of the Code (735 ILCS 5/13-206 (2004)) apply?

2. In an action by the plaintiff, a title insurance underwriter, against the defendant, a title insurance agent, for breach of a written 'Title Policy Issuing Agreement' (Agreement) as a result of a claim made on a loan policy issued by the defendant pursuant to that Agreement, does the two-year statute of limitation set forth in Section 13-214.4 of the Code (735 ILCS 5/13-214.4 (2004)) applicable to '[a]ll causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer . . . concerning the sale, placement [or] procurement . . of . . . any policy of insurance' apply and preempt all other statutes of limitation, or does the ten-year statute of limitation on written contracts set forth in Section 13-206 of the Code (735 ILCS 5/13-206 (2004)) apply?"

For the reasons stated below, we answer the certified questions as follows:

1. The two-year statute of limitations set forth in sections 13-204(a) and (c) of the Code of Civil Procedure (735 ILCS 5/13-204(a), (c) (West 2004)), applicable to all causes of action for contribution or indemnity, applies and preempts all other statutes of limitation in this instant matter where a title insurance underwriter claims that a title insurance agent

breached its contractual obligation of indemnification to the insurance underwriter.

2. The two-year statute of limitations set forth in section 13-214.4 (735 ILCS 5/13-214.4 (West 2004)), applicable to all causes of action brought by any entity against an insurance producer concerning the sale, placement or procurement of any insurance policy applies, in this instant matter and preempts all other statutes of limitation where a title insurance underwriter brings a cause of action against a title insurance agent resulting from a claim made on a loan policy issued by the insurance underwriter.

The following facts are relevant to this appeal and are taken from United General Title Insurance Company's (United General) verified complaint. United General's business consists of underwriting title insurance, which includes the insurance of mortgage holders' liens and title of owners relating to Illinois real estate. AmeriTitle is a title insurance agent in the business of originating and processing title insurance commitments. On March 13, 1997, United General and AmeriTitle entered into a "Title Policy Issuing Agreement" (Agreement), which allowed AmeriTitle to solicit applications for title insurance and to issue insurance commitments.

On or around March 23, 1998, AmeriTitle accepted an application for a commitment for a loan policy of insurance from Washington Mutual Bank, F.A. (Washington Mutual), to insure the priority and enforceability of a mortgage securing a note granted in favor of Washington Mutual in the amount of $77,250. On March 23, 1998, AmeriTitle, as agent for United General, issued a loan policy for the benefit of

Washington Mutual insuring that title to the real estate encumbered by the insured mortgage was in the name of Josephine Czech and insuring that Washington Mutual's mortgage was the first mortgage lien on the property.

Washington Mutual filed a claim against the loan policy on March 17, 2000, because contrary to what the loan policy insured, a land trust held title to the underlying property instead of Czech. As a result of this error, Washington Mutual did not have a proper, enforceable lien on the property. United General accepted Washington Mutual's claim brought under its policy with United General. Based on the delinquent loan Washington Mutual made, United General prosecuted a foreclosure action against Czech individually, claiming that the mortgage documents constituted an equitable mortgage.

During the foreclosure proceedings, it was discovered that the land trust executed a mortgage in favor of American Family Financial Services, Inc. (American Family), that predated the insured loan to Washington Mutual. The American Family mortgage was recorded in public records, but AmeriTitle failed to disclose it on the issued loan policy. As a result, on October 24, 2001, United General purchased the American Family loan in the amount of $13,946.11. United General also paid $13,363.81 to resolve the title issues to ensure Washington Mutual received an enforceable mortgage lien on the property.

Washington Mutual and Czech entered into a modification agreement that resolved all of the issues raised under the loan policy resulting in the dismissal of the litigation on May 20, 2002. After the litigation with Czech terminated, United General demanded reimbursement and indemnification in the amount of $32,290.61 from

AmeriTitle for the fees and expenses expended relating to the title claim made by Washington Mutual. AmeriTitle did not pay United General the requested money.

On September 22, 2004, United General filed a verified complaint based on a breach of contract claim against AmeriTitle. On February 2, 2005, AmeriTitle filed a motion to dismiss United General's verified complaint pursuant to sections 2-619(a)(5) and (a)(9) of the Illinois Code of Civil Procedure claiming that United General's complaint was time-barred under sections 13-204, relating to actions for indemnity, and 13-214.4, relating to actions brought against insurance producers. United General responded to the motion to dismiss on March 10, 2005, contending that its complaint was timely filed pursuant to the statute of limitations set forth in section 13-206, relating to written contracts. The trial court denied without prejudice AmeriTitle's motion to dismiss on April 15, 2005, and further directed AmeriTitle to prepare a statement pursuant to Illinois Supreme Court Rule 308(a). On May 31, 2005, the trial court entered the agreed statement of questions of law pursuant to Rule 308(a). The trial court certified the following two questions:

"1. In an action where the plaintiff, a title insurance underwriter, claims that the defendant, a title insurance agent, breached its contractual obligation to indemnify the plaintiff, and seeks indemnification for its alleged costs, pursuant to the terms of a written 'Title Policy Issuing Agreement' entered into by and between the parties, does the two-year statute of limitation set forth in Section 13-204(a) of the Code applicable to all actions for contribution or indemnity apply and preempt all other statutes of limitation (735 ILCS 5/13-204(a) and (c) (2004)), or does the

ten-year statute of limitation on written contracts set forth in Section 13-206 of the Code (735 ILCS 5/13-206 (2004)) apply?

2. In an action by the plaintiff, a title insurance underwriter, against the defendant, a title insurance agent, for breach of a written 'Title Policy Issuing Agreement' (Agreement) as a result of a claim made on a loan policy issued by the defendant pursuant to that Agreement, does the two-year statute of limitation set forth in Section 13-214.4 of the Code (735 ILCS 5/13-214.4 (2004)) applicable to '[a]ll causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer . . . concerning the sale, placement [or] procurement . . of . . . any policy of insurance' apply and preempt all other statutes of limitation, or does the ten-year statute of limitation on written contracts set forth in Section 13-206 of the Code (735 ILCS 5/13-206 (2004)) apply?"

On June 14, 2005, AmeriTitle filed a petition for leave to appeal by permission pursuant to Rule 308. On August 9, 2005, this court granted AmeriTitle's petition for leave to appeal. We now address the certified questions raised in AmeriTitle's petition for leave to appeal. The standard of our review in an interlocutory appeal is *de novo,* and our examination is limited to the certified questions entered by the trial court. *Fosse v. Pensabene,* 362 Ill. App. 3d 172, 177, 838 N.E.2d 258, 264 (2005). We do not render an opinion or rule on the propriety of any underlying order in answering questions certified to this court. *Fosse,* 362 Ill. App. 3d at 177, 838 N.E.2d at 264.

The focus of this appeal is to determine whether the general statute of limitations

applicable to written contracts applies in the instant case or whether two other more specific statutes apply, with one statute more specific than the other. As indicated above, the statutes of limitation that we must analyze are set forth in sections 13-204, 13-214.4 and 13-206 of the Code of Civil Procedure. In answering the certified questions on appeal, we must consider the principles of statutory construction. One such principle prohibits us from resorting to aids to determine the meaning of a statute when the statute's language is clear and unambiguous. *Katris v. Carroll,* 362 Ill. App. 3d 1140, 1145, 842 N.E.2d 221, 225 (2005). In analyzing and construing a statue, we must also "ascertain and give effect to the legislature's intent" in drafting the statute. *Newland v. Budget Rent-A-Car Systems, Inc.*, 319 Ill. App. 3d 453, 456, 744 N.E.2d 902, 904 (2001). The legislature's intent in drafting a statute is determined by giving the words used in a statute their plain and common, ordinary meaning. *Newland*, 319 Ill. App. 3d at 456, 744 N.E.2d at 904. Furthermore, when both a general and specific statute exists regarding the same subject, "the specific provision controls and should be applied [citation] unless it appears that the legislature intended to make the general act controlling." *Moore v. Chicago Police Department Officer Christopher Green*, 355 Ill. App. 3d 81, 88, 822 N.E.2d 69, 75 (2004).

In answering the first certified question, we turn our attention to the applicability of the statute of limitations set forth in section 13-204, relating to contribution and indemnity claims. Section 13-204 states in pertinent part:

"(a) In instances where no underlying action seeking

recovery for injury to or death of a person or injury or damage

to property has been filed by a claimant, no action for

7

contribution or indemnity may be commenced with respect to

any payment made to that claimant more than 2 years after

the party seeking contribution or indemnity has made the

payment in discharge of his or her liability to the claimant.

*** 

(c) The applicable limitations period contained in

subsection (a) or (b) shall apply to all actions for contribution

or indemnity and shall preempt, as to contribution and

indemnity actions only, all other statutes of limitation or

repose, but only to the extent that the claimant in an

underlying action could have timely sued the party from whom

contribution or indemnity is sought at the time such claimant

filed the underlying action * * * ." 735 ILCS 5/13-204(a), (c)

(West 2004).

United General claims that section 13-204 is inapplicable to the instant case because

the underlying action was a mortgage foreclosure proceeding and, thus, was not one

based on personal injury or death or damage to property as required by the plain

language of section 13-204. United General also claims that Washington Mutual could

not have timely sued AmeriTitle in the underlying action as stated in subsection (c) of

section 13-204 because Washington Mutual had no claim against AmeriTitle since the

underlying insurance policy was with United General and not AmeriTitle. United

General maintains that the legislature's original purpose in drafting section 13-204 was

to provide a limitations period relating to indemnity actions arising out of tortious

conduct between litigants, which is a situation not present here.  United General

contends that in giving the statute a plain reading along with its original purpose of

applying to joint tortfeasors, section 13-204 is inapplicable.

We disagree with United General because we conclude that section 13-204

applies in the instant case.  In determining the applicable statute of limitations, we are

obligated to evaluate a complaint to determine the true character of a plaintiff's cause of

action.  *Armstrong v. Guigler*, 174 Ill. 2d 281, 290, 673 N.E.2d 290, 295 (1996).  In

Illinois, the nature of the injury sustained determines the applicable statute of limitations

rather than the nature of the facts giving rise to the claim.  See *Mitchell v. White Motor*

*Co.*, 58 Ill. 2d 159, 162, 317 N.E.2d 505, 507 (1974); *Schreiber v. Eastern Airlines, Inc.*,

38 Ill. App. 3d 556, 558, 348 N.E.2d 218, 219 (1976).  Based on our review of United

General's verified complaint, we believe that United General's complaint seeks

indemnification for expenses incurred in litigating the title issues although United

General titled its complaint "verified complaint for breach of contract."  We note the

following from United General's verified complaint:

> 1.  "Demand was made upon Defendant to reimburse Plaintiff for the fees
> and expenses expended in response to the title claim made by Washington
> Mutual Bank, N.A."
>
> 2.  "On December 27, 2002, demand was made to Defendant to indemnify
> and pay Plaintiff for the fees and costs expended in response to the title claim."
>
> 3.  "Defendant has failed or refused to indemnify and repay Plaintiff for its

costs."

United General does not seek damages normally sought for breach of contract.

Rather, United General is seeking reimbursement for fees and expenses it paid resulting from a claim made by Washington Mutual. United General is asking for AmeriTitle to provide indemnity for those amounts. Black's Law Dictionary defines the term "indemnity" as "Reimbursement. An undertaking whereby one agrees to indemnify another upon the occurrence of an anticipated loss. [Citation.] A contractual or equitable right under which the entire loss is shifted from a tortfeasor who is only technically or passively at fault to another who is primarily or actively responsible." Black's Law Dictionary 769 (6th ed. 1990). Black's Law Dictionary also defines the term "indemnify" as "to restore the victim of a loss, in whole or in part, by payment, repair, or replacement. To save harmless; to secure against loss or damage; to give security for the reimbursement of a person in case of an anticipated loss falling upon him. To make good; to compensate; to make reimbursement to one of a loss already incurred by him. " Black's Law Dictionary 769 (6th ed. 1990); see *Midland Insurance Co. v. Bell Fuels, Inc.*, 159 Ill. App. 3d 780, 784, 513 N.E.2d 1, 3-4 (1987). Based on the above excerpts of United General's verified complaint and the definition of the terms "indemnity" and "indemnify," we conclude that the nature of United General's complaint is in actuality one for indemnity. See *Armstrong*, 174 Ill. 2d at 286-87, 673 N.E.2d at 293. Accordingly, we must now determine the applicable statute of limitations based on our conclusion that this cause is one for indemnity.

We are mindful that the legislature drafted section 13-204 to provide the statute of limitations applicable to indemnity claims. *Medrano v. Production Engineering Co.,* 332 Ill. App. 3d 562, 574, 774 N.E.2d 371, 382 (2002). Our review of section 13-204 reveals that its plain language provides that actions for contribution or indemnity may

not be commenced "more than 2 years after the party seeking contribution or indemnity has made the payment in discharge of his or her liability to the claimant." 735 ILCS 5/13-204(a) (West 2004). We note that section 13-204 continues by providing that the statute of limitations set forth in that section "shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose." 735 ILCS 5/13-204(c) (West 2004). Thus, section 13-204's plain language provides a two-year statute of limitations for contribution and indemnity actions and expressly *preempts all other statutes of limitation* and repose regarding contribution and indemnity claims. 735 ILCS 5/13-204(c), (e) (West 2004); *Brooks v. Illinois Central R.R. Co.*, No. 1-04-2607 (June 2, 2005)*; Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 364, 703 N.E.2d 473, 484 (1998). In this case, the nature of United General's claim against AmeriTitle is one for indemnification relating to funds it expended in litigating the underlying cause of action. Thus, we answer the first certified question by stating that the two-year statute of limitations set forth in section 13-204 applies to the facts of the instant case and preempts other statutes of limitation.

We now turn to the second certified question, which requires this court to address the applicability of section 13-214.4 regarding causes of action brought against specific members of the insurance industry. Section 13-214.4, which is titled "Actions against insurance producers, limited insurance representatives, and registered firms," states:

> "All causes of action brought by any person or entity under any
> statute or any legal or equitable theory against an insurance producer,

11

registered firm, or limited insurance representative concerning the sale,

placement, procurement, renewal, cancellation of, or failure to procure any

policy of insurance shall be brought within 2 years of the date the cause of

action accrues."  735 ILCS 5/13-214.4 (West 2004)

United General urges that this statute is inapplicable to the instant case because its claim arises out of and concerns its Agreement with AmeriTitle and does not concern the sale, placement, procurement, renewal or cancellation of an insurance policy as required by section 13-214.4.  United General maintains that its claim arose from AmeriTitle's failure to properly identify adverse matters in the chain of real estate title within the scope of insurance provided by United General to Washington Mutual. United General contends that its claim against AmeriTitle arose from AmeriTitle's breach of its contractual duty to properly review a chain of the real estate title and those responsibilities relate to AmeriTitle's duties in the Agreement and not to an insurance policy.  United General claims that the causes of action intended to fall within the purview of section 13-214.4 relate to causes of action brought by an insured against an insurance agent only and not to causes of action brought by an insurance underwriter against its agent.  For this reason, United General maintains that *Indiana Insurance Co. v. Machon & Machon, Inc.*, 324 Ill. App. 3d 300, 753 N.E.2d 442 (2001), is inapplicable and was wrongly decided because this court concluded that section 13-214.4 applied to a breach of contract action between an insurance company and its agent, which is not a relationship intended to fall within the scope of section 13-214.4.  Based on its interpretation of section 13-214.4, United General maintains that section 13-214.4 is inapplicable and does not preempt the 10-year statute of limitations applicable to written

contracts.

We likewise disagree with United General that section 13-214.4 is inapplicable to the instant case. Contrary to United General's contention, we consider *Indiana Insurance Co.*'s holding proper and choose to follow its interpretation of the statutory language set forth in section 13-214.4. In *Indiana Insurance Co.*, this court stated that the statutory language of section 13-214.4 "as written is unequivocal and subject to only one reasonable interpretation: that *all* causes of action brought by *any* person or entity under *any* theory against an insurance producer shall be brought within two years of the date the cause of action accrues." (Emphasis in original.) *Indiana Insurance Co.*, 324 Ill. App. 3d at 303, 753 N.E.2d at 445. We believe that by the legislature's purposeful use of the terms "all" and "any" in drafting section 13-214.4, it chose to use all-encompassing language in an attempt to incorporate *any* and *all* causes of action against insurance producers and not just those causes of action concerning the relationship between an insured and its agent. Because the statute expressly states that "all causes of action brought by any person or entity," we cannot render those words superfluous and meaningless as proposed by United General's contention. *Katris*, 362 Ill. App. 3d at 1145, 842 N.E.2d at 226.

While section 13-214.4 does not define the term "insurance producer," established case law provides a definition of this term. In Illinois, "insurance producer" is used synonymously with the term "insurance broker." See *AYH Holdings, Inc. v. Avreco, Inc.,* 357 Ill. App. 3d 17, 32, 826 N.E.2d 1111, 1125 (2005). An insurance broker is defined as " ' "an individual who procures insurance and acts as a middleman between the insured and the insurer, who solicits insurance business from the public

13

under no employment from any special company and who, having secured an order, places the insurance with the company selected by the insured, or in the absence of any selection by the insured, with a company he selects himself." ' " *Pekin Life Insurance Co. v. Schmid Family Irrevocable Trust*, 359 Ill. App. 3d 674, 680, 834 N.E.2d 531, 535-36 (2005) quoting *Zannini v. Reliance Insurance Co. of Illinois, Inc.*, 147 Ill.2d 437, 451, 590 N.E.2d 457 (1992) quoting *Krause v. Pekin Life Insurance Co.*, 194 Ill. App. 3d 798, 804-05 (1990).

Based on the facts of this instant case, we believe that AmeriTitle was an insurance producer for purposes of section 13-214.4. United General's verified complaint describes AmeriTitle's business as a title agent that originates and processes title insurance commitments and countersigns policies of title insurance. United General's verified complaint also alleges that AmeriTitle accepted an application for a commitment for an insurance loan policy from Washington Mutual. The verified complaint further alleges that AmeriTitle, in its capacity as agent of United General, issued a loan policy for the benefit of Washington Mutual, which insured that title to the real estate encumbered by the insured mortgage was in Czech's name and insured that Washington Mutual's mortgage was a first mortgage lien on the real estate. We believe that United General's recitation and description of AmeriTitle's business supports a conclusion that AmeriTitle was an insurance producer because it solicited and procured applications for insurance. Similarly, we believe these same provisions demonstrate that United General's claim against AmeriTitle concerns the sale and procurement of insurance. Since we conclude that AmeriTitle is an insurance producer and United General's claim concerns the sale and procurement of an insurance policy, we further

conclude that section 13-214.4 applies in the instant matter because the statute's plain language requires that *all* causes of action brought by *any* entity against an insurance producer must be brought within two years of the date the cause of action accrues. Accordingly, we answer the second certified question to state that the two-year statute of limitations set forth in section 13-214.4 applies.

We must still, however, turn our attention to a final statute in this appeal, which is section 13-206.  Section 13-206 provides the statute of limitations relating to written contracts and states in pertinent part:

> "[A]ctions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued * * * ."  735 ILCS 5/13-206 (West 2004).

United General contends that section 13-206 is the appropriate statute of limitations because the allegations set forth in the complaint relate to the Agreement, entered into by United General and AmeriTitle.  United General maintains that AmeriTitle breached its contract with United General because AmeriTitle failed to properly underwrite a policy of insurance, causing United General to pay a claim to Washington Mutual, which then gave rise to AmeriTitle's contractual obligation to reimburse United General for the costs incurred in resolving the underlying title dispute.  United General contends that the nature of its liability is contractual even if the relief requested is for indemnity.  See *Armstrong*, 174 Ill. 2d 281, 673 N.E.2d 290.  United General relies on *Guerino v. Depot Place Partnership*, 191 Ill. 2d 314, 317-18, 730

N.E.2d 1094, 1096 (2000), to stand for the proposition that indemnity and breach of contract claims are subject to the 10-year statute of limitations applicable to written contracts. United General maintains that AmeriTitle's failure to reimburse United General for expenses incurred in defense of the title and lien relating to the insured mortgage was a breach of its contractual obligations set forth in the Agreement. For this reason, United General maintains that section 13-206 is the appropriate statute of limitations.

We are unpersuaded by United General's contentions that section 13-206 is the governing statute of limitations in this instant case. United General contends that section 13-206 applies in the instant case because it seeks indemnification pursuant to the Agreement, entered into by United General and AmeriTitle. While we believe that United General's position insofar as it goes, is an accurate statement, it does not take into account "the fact that the origin of a cause of action may ultimately be traced to a writing has never been sufficient, standing alone, to automatically warrant application of the period of limitations governing written contracts." *Armstrong*, 174 Ill. 2d at 290, 673 N.E.2d at 295. Here, United General contends that AmeriTitle breached the contractual terms of the Agreement by failing to indemnify United General for expenses incurred in resolving the title dispute. We do not believe that the gravamen of United General's complaint rests on the nonperformance of a contractual obligation sufficient to invoke the statute of limitations set forth in section 13-206. See *Armstrong*, 174 Ill. 2d at 293, 673 N.E.2d at 296. We also believe that United General's reliance on *Guerino* is misplaced because the Illinois Supreme Court in that case resolved the issue of whether a complaint for contribution was appropriately dismissed. *Guerino*, 191 Ill. 2d

at 319-20, 730 N.E.2d at 1097. The supreme court did not address or analyze the issue of whether the 10-year statute of limitations applies to indemnity actions. *Guerino*, 191 Ill. 2d at 317, 730 N.E.2d at 1096. For this reason, we do not consider *Guerino* dispositive of this issue on appeal and United General's reliance on this case is misplaced.

Moreover, we consider it necessary to state that an indemnity cause of action "may be express or implied by law." *Schulson v. D'Ancona & Pflaum LLC*, 354 Ill. App. 3d 572, 576, 821 N.E.2d 643, 647 (2004). The right to indemnity set forth in a contractual provision is considered express indemnity, and indemnity implied in law arises "in situations in which a promise to indemnify can be implied from the relationship between the parties." *Kerschner v. Weiss & Co.*, 282 Ill. App. 3d 497, 502, 667 N.E.2d 1351, 1357 (1996). While enactment of the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 *et seq.* (West 2004)) abolished implied indemnity relating to tort causes of action, implied indemnity arising from quasi-contractual causes of action remains viable where "the indemnitee's liability is solely derivative." *Kerschner*, 282 Ill. App. 3d at 506, 667 N.E.2d at 1357. Here, United General's contention falls within the scope of express indemnity because it seeks indemnity from AmeriTitle pursuant to a provision contained in the Agreement, which it then claims invokes application of the 10-year statute of limitations set forth in section 13-206. We must reject United General's contention because adopting United General's position would require application of the statute of limitations set forth in section 13-206 to all contracts incorporating an indemnity provision, which would render section 13-204, addressing the statute of limitations relating to indemnity causes of action, a nullity. We decline the opportunity to render a

1-05-1874

statute unnecessary and obsolete.  In this case, sections 13-204 and 13-214.4 are more specific in application than section 13-206 and therefore take precedence over the general statute of limitations set forth in section 13-206.  *DeMarco v. Ecklund*, 341 Ill. App. 3d 225, 227, 792 N.E.2d 404, 406 (2003).

Certified questions answered; cause remanded.

O'MARA FROSSARD and NEVILLE, JJ., concur.