(No. 76676.

ADRIAN VROEGH, Special Adm'r of the Estate of Douglas P. Maicach, v. J&M FORKLIFT *et al.* (ANR Freight System, Appellant; Petrolane Gas Services, Ltd., *et al.*, Appellees).

*Opinion filed March 23, 1995.—Rehearing denied May 30, 1995.*

524

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, James K. Horstman, Thomas H. Neuckranz and Lloyd E. Williams, Jr., of counsel), for appellant.

Ira E. Sussman and Gerard B. Gallagher, of Gallagher & Joslyn, of Oakbrook Terrace, for appellee Petrolane Gas Services, Ltd.

Lord, Bissell & Brook, of Chicago (Gerald O. Sweeney, Jr., Hugh C. Griffin and Stephen A. DiTullio,

of counsel), and Thomas M. Taggart and Sandra J. Anderson, of Vorys, Sater, Seymour & Pease, of Columbus, Ohio, for appellee Worthington Industries, Inc.

JUSTICE HARRISON delivered the opinion of the court:

Douglas P. Maicach was killed while fighting a fire at a facility owned by ANR Freight System (ANR). A wrongful death action followed. The count directed against ANR was dismissed with prejudice pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) on the grounds that the "fireman's rule" shielded ANR from liability. The issue before us now is whether that dismissal precludes two of the remaining defendants, Petrolane Gas Services, Ltd. (Petrolane), and Worthington Industries, Inc. (Worthington), from proceeding with third-party actions against ANR for contribution.

The circuit court answered this question in the affirmative, granting judgment on the pleadings (735 ILCS 5/2—615 (West 1992)) in favor of ANR with respect to the contribution claims advanced by Petrolane and Worthington. On an appeal brought under Rule 304(a) (134 Ill. 2d R. 304(a)), the appellate court reversed and remanded for further proceedings. (255 Ill. App. 3d 155.) We granted leave to appeal. (145 Ill. 2d R. 315.) For the reasons that follow, we reverse the appellate court's judgment and affirm the judgment of the circuit court.

The incident that gave rise to this litigation took place on January 3, 1989, when the Village of South Holland fire department received a call that a fire had broken out at ANR's loading dock facility. One of the fire fighters who responded was Douglas P. Maicach. Maicach and his fellow fire fighters found that what was on fire was one of ANR's forklift trucks. The forklift was powered by propane, and in the course of the fire,

the propane fuel tank exploded, striking and killing Maicach.

Maicach's father-in-law, Adrian Vroegh, was appointed special administrator of Maicach's estate (740 ILCS 180/2.1 (West 1992)) and brought an action against ANR under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1992)). In addition to ANR, Vroegh's complaint, as amended, also named as defendants J&M Forklift, the company that maintained the forklift for ANR; Petrolane, the company that supplied the forklift's propane fuel tank and fuel; and Worthington, the fuel tank's manufacturer.

Once Petrolane had been named as a defendant in the wrongful death action, it filed a third-party action under the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 *et seq.* (West 1992)) to obtain contribution from ANR and Worthington. Worthington subsequently filed a contribution action of its own against ANR. ANR, in turn, filed motions under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) to dismiss both Vroegh's wrongful death claim and the claims for contribution asserted against it by Petrolane and Worthington.

In moving for dismissal of the wrongful death claim, ANR argued that as owner of the premises where the fire occurred, it was shielded from liability for Maicach's death by operation of the "fireman's rule." That rule provides that an owner or occupier of land must exercise reasonable care to prevent injury to firemen that might result from a cause independent of the fire, but has no duty to prevent injury resulting from the fire itself. *Court v. Grzelinski* (1978), 72 Ill. 2d 141, 148.

The circuit court agreed that the rule was applicable here and therefore dismissed Vroegh's wrongful death claim against ANR with prejudice. The appellate court affirmed (255 Ill. App. 3d at 158-63), and a separate peti-

tion for leave to appeal directed to the propriety of that judgment has previously been considered and denied by this court. Dismissal of the wrongful death claim against ANR is therefore no longer subject to review.

The sole issue before us here is the continued viability of the contribution claims brought against ANR by Petrolane and Worthington. As with Vroegh's wrongful death action against ANR, the circuit court dismissed the contribution claims on the pleadings with prejudice. Unlike the wrongful death action, however, the appellate court reversed and remanded for further proceedings. The court held, over the dissent of one justice, that application of the "fireman's rule" to discharge ANR from liability on the wrongful death action did not mandate dismissal of the contribution claims filed against ANR. In the court's view, the "fireman's rule" is in the nature of an affirmative defense which does not protect a defendant from liability unless and until the defendant chooses to invoke it. Accordingly, the court reasoned, it operates as the kind of special defense or privilege discussed in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, and its progeny that may immunize a defendant from a direct tort action, but which does not remove that defendant from the reach of third-party actions for contribution.

In reviewing the appellate court's judgment, we look first to section 2 of the Joint Tortfeasor Contribution Act (740 ILCS 100/2 (West 1992)). That statute provides that

> "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them ***." (740 ILCS 100/2 (West 1992).)

As the language of the statute indicates, a party's obligation to make contribution rests on his liability in tort to the injured or deceased party, *i.e.*, the plaintiff in the underlying action. There is no requirement that the

bases for liability among the contributors be the same. (*J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc.* (1987), 118 Ill. 2d 447, 462.) However, some basis for liability to the original plaintiff must exist. If a defendant is not a tortfeasor *vis-a-vis* the original plaintiff, it cannot be a joint tortfeasor *vis-a-vis* a codefendant and may not be held liable to that codefendant for contribution. See *Esworthy v. Norfolk & Western Ry. Co.* (1988), 166 Ill. App. 3d 876, 880.

Entry of judgment against a codefendant and in favor of the original plaintiff is not necessary to establish the codefendant's legal culpability for purposes of contribution. Under the statute, a right of contribution exists among codefendants "even though judgment has not been entered against any or all of them." (740 ILCS 100/2(a) (West 1992).) All that is required is that the persons seeking contribution and the persons from whom contribution is sought be potentially capable of being held liable to the plaintiff in a court of law or equity. *People v. Brockman* (1991), 143 Ill. 2d 351, 371; see *Enblom v. Milwaukee Golf Development* (1992), 227 Ill. App. 3d 623, 630.

Whether potential tort liability exists is determined at the time of the injury out of which the right to contribution arises, not at the time the action for contribution is brought. (*Delaney v. McDonald's Corp.* (1994), 158 Ill. 2d 465, 468.) If a plaintiff has a valid cause of action against a defendant when the injury occurs, the fact that the defendant may ultimately be able to assert an affirmative defense fatal to plaintiff's action will not defeat a codefendant's contribution claim against him. (*Brockman*, 143 Ill. 2d at 372.) Accordingly, a defendant cannot escape his statutory liability for contribution even though the plaintiff's complaint is subject to some procedural bar (*Delaney*, 158 Ill. 2d 465 (statute of limitations)) or immunity (*Cates v. Cates* (1993), 156 Ill. 2d

76, 94 (parent-child tort immunity); *Stephens v. McBride* (1983), 97 Ill. 2d 515, 519-20 (Tort Immunity Act); *Doyle v. Rhodes*, 101 Ill. 2d at 9-11 (Workers' Compensation Act)) that might ultimately preclude the plaintiff from recovering from the defendant directly.

The reason for this lies in the nature of affirmative defenses. An affirmative defense does not negate the essential elements of the plaintiff's cause of action. To the contrary, it admits the legal sufficiency of that cause of action. (*Kedzie & 103rd Currency Exchange, Inc. v. Hodge* (1993), 156 Ill. 2d 112, 115.) It assumes that the defendant would otherwise be liable, if the facts alleged are true, but asserts new matter by which the plaintiff's apparent right to recovery is defeated. (See *Vanlandingham v. Ivanow* (1993), 246 Ill. App. 3d 348, 357.) A defendant may always elect not to raise such a defense even where it is available to him, and his potential tort liability remains unless he properly invokes the defense and until he can establish that it is meritorious. For this reason, the existence of a possible affirmative defense cannot alter the fact that at the time of the injury for which the defendant is partly responsible, the defendant is "subject to liability in tort" within the meaning of the Contribution Act. *Doyle v. Rhodes*, 101 Ill. 2d at 10-11.

The appellate court majority likened the "fireman's rule" to such an affirmative defense. As the dissenting justice observed, however, there is a substantial distinction. Unlike an affirmative defense, the "fireman's rule" does not presuppose the existence of an otherwise valid cause of action. It goes to the threshold question of whether an owner or occupier of land has any duty to fire fighters injured while fighting a fire on his premises. Where the rule applies, it means that no duty is imposed by the law. (*Court v. Grzelinski,* 72 Ill. 2d at 148.) The absence of duty is not an affirmative defense. It attacks

the legal sufficiency of the plaintiff's claim. Rather than giving color to the cause of action, it negates one of the action's basic elements. (See *Harnischfeger Corp. v. Gleason Crane Rentals, Inc.* (1991), 223 Ill. App. 3d 444, 449.) Accordingly, even if the allegations of the complaint are accepted as true, there is no point at which a defendant subject to the "fireman's rule" can be said to have been even potentially liable for the injury or wrongful death. There could never have been a meritorious claim because there never was a duty that was breached.

Because ANR had no duty to Maicach by virtue of the "fireman's rule," its actions with respect to him were not wrongful, and it is not legally culpable for his death. ANR is therefore not "subject to liability in tort" within the meaning of the Contribution Act. Because it is not such a tortfeasor, it is not subject to contribution claims brought against it by Petrolane and Worthington arising out of Maicach's death. See *Northrup v. Allister Construction Co.* (1987), 163 Ill. App. 3d 221, 225-26.

In their third-party complaints, Petrolane and Worthington do allege different reasons for holding ANR liable for Maicach's death than were asserted by Vroegh in his wrongful death action. The gist of their claims is that Maicach's injuries did not arise from the fire itself, but resulted from causes independent of the fire for which ANR is responsible. The question of causation, however, is no longer subject to debate. When the circuit court dismissed the wrongful death action against ANR based on the "fireman's rule," it necessarily determined that Maicach's injuries did in fact arise from the fire. That is why the rule was applicable.

As noted earlier in this disposition, that part of the circuit court's judgment is final, has been subject to review and is no longer before us. Petrolane and Worthington are therefore barred by the doctrine of collateral estoppel from relitigating the matter. As a result, the

dismissal with prejudice of Vroegh's claim constitutes a determination binding on Petrolane and Worthington, as well as Vroegh, that ANR is not a tortfeasor. See *Enblom*, 227 Ill. App. 3d at 629-30.

The appellate court opined that collateral estoppel was inapplicable here because Petrolane and Worthington were not in privity with ANR. Privity, however, was not necessary. Collateral estoppel applies to parties as well as those in privity with a party (*In re Owens* (1988), 125 Ill. 2d 390, 400), and both Petrolane and Worthington were themselves named as defendants in the wrongful death action. Although aligned on the same side of the case as ANR, parties do not have to be on opposite sides for collateral estoppel to apply. Nor must those parties have actually opposed the ruling before its effects will be binding upon them. It is enough that they had a full and fair opportunity to litigate the issue in question, as Petrolane and Worthington did here. See *Enblom*, 227 Ill. App. 3d at 629.

For the foregoing reasons, the judgment of the appellate court is reversed. We affirm the judgment of the circuit court dismissing with prejudice the third-party contribution claims brought against ANR by Petrolane and Worthington, and we remand to the circuit court for further proceedings.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*