2020 IL App (1st) 191737-U

FOURTH DIVISION
September 3, 2020

No. 1-19-1737

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

|  |  |
|---|---|
| NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, | ) Appeal from the<br>) Circuit Court of<br>) Cook County |
| Plaintiff-Appellee, | ) |
|  | ) |
| v. | ) |
|  | ) No. 17 CH 12418 |
| ABDUL R. JONES, | ) |
|  | ) |
| Defendant-Appellant | ) |
|  | ) Honorable |
| (Midland Funding, LLC, City of Chicago, and Unknown Owners and Nonrecord Claimants, | ) Patricia Spratt,<br>) Judge Presiding. |
|  | ) |
| Defendants). | ) |
|  | ) |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

## ORDER

¶ 1    *Held*:    Affirming the judgment of the circuit court of Cook County where the court did not err in granting plaintiff's motion to strike defendant's affirmative defenses, plaintiff's motion for summary judgment, or plaintiff's motion to confirm the sale in a cause of action under the Illinois Mortgage Foreclosure Law.

¶ 2    Defendant Abdul R. Jones appeals from the circuit court of Cook County's orders

granting plaintiff Nationstar Mortgage LLC d/b/a Mr. Cooper's motion to strike affirmative

defenses, motion for summary judgment, and motion to confirm the sale in plaintiff's favor.  On

appeal, defendant contends that, for a variety of reasons, the circuit court erred in granting these

motions.  For the reasons which follow, we affirm the judgment of the circuit court.

¶ 3                                         BACKGROUND

¶ 4      This matter commenced as a mortgage foreclosure action pursuant to the Illinois

Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501 *et seq.* (West 2016)).  On

September 3, 2017, plaintiff filed the complaint, alleging that on October 31, 2007, defendant

granted a mortgage to National City Mortgage a division of National City Bank (National City

Mortgage) on a property located at 2234 N. Neva Avenue in Chicago as security for repayment

of a loan evidenced by a promissory note in the principal amount of $403,750.  The complaint

further alleged that defendant was in default for failure to make the March 2017 payment toward

the mortgage on the property in the amount of $507,925.48.  Using the statutory form complaint

(735 ILCS 5/15-1504 (West 2016)), plaintiff alleged, "Capacity in which Plaintiff brings this

foreclosure: Plaintiff is the Mortgagee under 735 ILCS 5/15-1208."

¶ 5      Attached to the complaint were copies of the mortgage and note, which demonstrated

National City Mortgage was the original mortgagee.  A loan modification agreement between

defendant and PNC Bank, National Association (PNC) and dated April 15, 2016, was also

attached to the complaint.  The loan modification agreement incorporated the original note.  The

copy of the note filed with the complaint included two endorsements.  The first was from

National City Mortgage to National City Mortgage Co. a subsidiary of National City Bank.  The

second was from National City Mortgage Co. a subsidiary of National City Bank and was

endorsed in blank.

¶ 6     Defendant was served, failed to appear or answer, and plaintiff moved for a default judgment of foreclosure. Shortly thereafter, defendant filed an appearance and then filed an answer and affirmative defenses. Defendant alleged two affirmative defenses: (1) plaintiff lacked standing and (2) plaintiff failed to fulfill a condition precedent before filing the complaint; namely, plaintiff failed to file a proper alderman affidavit under section 15-1503 of the Foreclosure Law (735 ILCS 5/15-1503 (West 2016)). Plaintiff moved to strike defendant's affirmative defenses arguing that defendant failed to prove it lacked standing where the note was endorsed in blank and its alderman affidavit complied with the statutory requirements of section 15-1503. In response, defendant maintained that the documents attached to the complaint did not establish that plaintiff was entitled to foreclose on the mortgage and that there was no evidence the note was endorsed in blank. Defendant further argued that the alderman affidavit did not comply with the statute where it did not follow the provisions of Illinois Supreme Court Rule 12 (eff. July 1, 2017). After the matter was fully briefed, the circuit court granted plaintiff's motion and struck defendant's affirmative defenses.[1] The record does not indicate whether the affirmative defenses were struck with or without prejudice; however, the record also does not indicate whether the defendant ever requested leave to refile his affirmative defenses.

¶ 7     Plaintiff thereafter filed a motion for summary judgment arguing it was entitled to foreclose on the mortgage where defendant failed to make payments pursuant to the terms of the mortgage and note. Attached in support of the motion was an affidavit from Christy Vieau, a document execution associate of plaintiff. The affiant averred she had the authority to make the affidavit as a document execution associate and that she was qualified to make the statement because she is a person familiar with plaintiff's business and mode of operation with respect to

---

[1] The record on appeal does not include a record of proceedings.

servicing residential mortgage loans. Vieau explained that she is so qualified because reviewing plaintiff's business records related to servicing residential loans is one of her job responsibilities. Through these job responsibilities, Vieau further averred, she has personal knowledge of both plaintiff's practices and procedures for servicing residential mortgage loans and the type of records maintained by plaintiff in connection with the loan. Vieau attested that defendant's loan was transferred from PNC on May 1, 2017. At that time, the loan was past due. When plaintiff commenced servicing the loan PNC's records were integrated into plaintiff's systems, including PNC's records, payment histories, communication logs, and default letters. Vieau averred that the total amount due under the loan including, but not limited to, interest, property tax, and insurance, was $547,123.38. This amount due was based on her review of the attached records, including the payment history and other documents. Vieau further attested to the computer software system used to track the payments made by defendant. Attached to Vieau's affidavit were numerous documents which included defendant's payment history, a "customer account activity statement," and a "detail transaction history." Also attached to the affidavit were copies of the mortgage, note, loan modification agreement, and an assignment executed in May 2017 between PNC and plaintiff.

¶ 8 In response, defendant argued that Vieau's affidavit failed to comply with Illinois Supreme Court Rule 113 (eff. July 1, 2018) where the affiant lacked sufficient personal knowledge of the business records and failed to identify the documents attached to the affidavit. Defendant further cursorily realleged the allegations in his affirmative defenses to preserve them for argument on appeal. No counter-affidavit was offered by defendant.

¶ 9 In reply, plaintiff asserted the affidavit complied with Rule 113 and maintained that no genuine issue of material fact precluded summary judgment from being entered in its favor.

¶ 10     The circuit court granted the motion for summary judgment and entered a judgment of foreclosure. The property was sold at a judicial sale to plaintiff as the highest bidder. Plaintiff then moved to confirm the sale. Defendant objected to the confirmation of the sale and moved to have the sale set aside. According to defendant, plaintiff failed to comply with section 15-1508(d-5) of the Foreclosure Law (735 ILCS 5/15-1508(d-5) (West 2016)) where it had not fully reviewed defendant's application for a loan modification prior to sale. Defendant further argued that under section 15-1508(b)(i) of the Foreclosure Law (735 ILCS 5/15-1508(b)(i) (West 2016)) the notice of the sale was not forwarded to defendant electronically and therefore the sale should not be confirmed. In reply, plaintiff maintained that section 15-1508(d-5) was not applicable to foreclosure actions filed after December 31, 2015, and that it had forwarded defendant electronic notice of the sale. Plaintiff later amended its response to include an affidavit from one of its legal assistants attesting to the fact that the electronic notice was forwarded to defense counsel.

¶ 11     After hearing the matter, the circuit court denied defendant's motion to set aside the sale and confirmed the sale of the property. This appeal followed.

¶ 12                                    ANALYSIS

¶ 13     On appeal, defendant contests the propriety of the orders entered granting the motion to strike his affirmative defenses, plaintiff's motion for summary judgment, and the motion to confirm the sale. We address each motion in turn.

¶ 14                     Motion to Strike Affirmative Defenses

¶ 15     Defendant first contends that the trial court erred in striking his affirmative defenses regarding plaintiff's lack of standing and failure to comply with the requirements of section 15-1503(b) of the Foreclosure Law.

¶ 16     We begin our analysis by discussing our standard of review. Here, plaintiff moved to

strike defendant's affirmative defenses under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). A motion to dismiss an affirmative defense pursuant to section 2-615 of the Code, as with all section 2-615 motions, admits all well-pled facts constituting the defense and attacks only the legal sufficiency of those facts. *JPMorgan Chase Bank, N.A. v. East-West Logistics, LLC*, 2014 IL App (1st) 121111, ¶ 31; 735 ILCS 5/2-615 (West 2016). Where the well-pled facts of an affirmative defense raise the possibility that the defendant will prevail, the defense should not be dismissed, and a court of review will vacate a dismissal that was entered in error. *Farmer City State Bank v. Guingrich*, 139 Ill. App. 3d 416, 422 (1985). In reviewing the sufficiency of an affirmative defense, we are to disregard any conclusions of fact or law not supported by allegations of specific fact. *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 20. We review *de novo* an order striking an affirmative defense on the basis of sufficiency. *Id. De novo* consideration means we perform the same analysis that a trial court would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 17                                    *Standing*

¶ 18    Defendant asserts that the circuit court erred in dismissing his affirmative defense of lack of standing. "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit" and "assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Glisson v. City of Marion,* 188 Ill. 2d 211, 221 (1999); see *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 12. A party's standing to sue must be determined as of the time the suit is filed. *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 15. Under the Foreclosure Law, a foreclosure action may be brought by (1) the legal holder of an indebtedness secured by a mortgage, (2) any person

designated or authorized to act on behalf of such holder, or (3) an agent or successor of a mortgagee. 735 ILCS 5/15-1208, 15-1501 (West 2008); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010); *Wells Fargo Bank, N.A. v. Mundie*, 2016 IL App (1st) 152931, ¶ 11. A *prima facie* case for foreclosure is established if the complaint conforms to the requirements set forth in section 15-1504(a) of the Foreclosure Law (735 ILCS 5/15-1504(a) (West 2008)) and the mortgage and note are attached. *Barnes*, 406 Ill. App. 3d at 6; see *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 24. If this is done, the burden shifts to the mortgagor to prove lack of standing. *Parkway Bank and Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24.

¶ 19 In the case at bar, there is no dispute that the complaint conforms to the requirements set forth in the Foreclosure Law, and the note and mortgage were attached to the complaint. Instead, defendant asserts it is improper to require him to prove plaintiff's lack of standing prior to discovery, but defendant fails to recognize the procedural posture of this case. Plaintiff moved to dismiss defendant's affirmative defenses pursuant to section 2-615 of the Code. As previously discussed, section 2-615 admits all well-pled facts constituting the defense and attacks only the legal sufficiency of those facts. *International Insurance Co. v. Sargent & Lundy*, 242 Ill. App. 3d 614, 630 (1993). Thus, under this section, the legal and factual sufficiency of the affirmative defenses are at issue, not whether defendant has proved that plaintiff lacked standing.

¶ 20 Here, defendant pleads that plaintiff lacked standing where (1) there was no note endorsed in blank and (2) there was no assignment of the mortgage from PNC to plaintiff. These allegations are both legally and factually insufficient. First, defendant is mistaken that the note was not endorsed in blank. The note clearly contains two endorsements: one from the original mortgagee National City Mortgage to National City Mortgage Co. a subsidiary of National City

Bank, and another from National City Mortgage Co. a subsidiary of National City Bank which, was endorsed in blank. Under the Uniform Commercial Code, persons entitled to enforce a note include its holder or a nonholder in possession of the instrument who has the rights of the holder. See 810 ILCS 5/3-301 (West 2016). A negotiable instrument may be transferred by delivery to another entity for the purpose of giving that entity the right to enforce the instrument. 810 ILCS 5/3-203(a) (West 2016). If a note is endorsed in blank, it becomes payable to the bearer and may be negotiated by transfer of possession alone until it is specially endorsed. 810 ILCS 5/3-205(b) (West 2016). Accordingly, defendant's allegation that the note was not endorsed in blank was legally and factually insufficient. See *Rosestone Investments, LLC*, 2013 IL App (1st) 123422, ¶¶ 24, 26 ("A mortgage assignee has standing to bring a foreclosure action" and a "note endorsed in blank is payable to the bearer.").

¶ 21     Regarding the lack of an assignment being attached to the complaint, we observe that under Illinois law "[t]he assignment of a mortgage note carries with it an equitable assignment of the mortgage by which it was secured." *Federal National Mortgage Ass'n v. Kuipers*, 314 Ill. App. 3d 631, 635 (2000); see also *Moore v. Lewis*, 51 Ill. App. 3d 388, 391-92 (1977) ("Indeed a mortgage, which in this state is only regarded as a mere incident to the debt [citations], is not assignable at law. [Citations.] It is the debt, which is assigned, and the transfer of the debt carried with it the mortgage security."). Any issues with respect to the assignment of the mortgage, a mere incident to the debt, are irrelevant where plaintiff was holder of the note endorsed in blank and was therefore also entitled to an equitable assignment of the mortgage. See *U.S. Bank Nat'l Ass'n as Tr. for Registered Holders of First Franklin Mortgage Loan Tr., Mortgage Loan Asset-Backed Certificates, Series 2007-FF2 v. Gagua*, 2020 IL App (1st) 190454, ¶ 46. We thus conclude that defendant's affirmative defense as to lack of standing was

factually and legally insufficient and was therefore correctly dismissed by the circuit court.

¶ 22                                     *Alderman Affidavit*

¶ 23    Defendant also claims that the circuit court improperly struck his affirmative defense where plaintiff failed to comply with section 15-1503(b) of the Foreclosure Law because the alderman affidavit was defective. Defendant maintains that the alderman affidavit was not in compliance with the statute as the affiant averred that the affidavit "was caused to be mailed" and the utilization of passive voice indicates that it was not the affiant who performed the mailing. Defendant further asserts that the affidavit was not in compliance with Illinois Supreme Court Rule 12 (eff. July 1, 2017) as it did not indicate the name of the person who mailed the affidavit, did not state the time and place of mailing, and did not include the complete address or that proper postage was prepaid.

¶ 24    In response, plaintiff asserts that defendant's claim is not a proper affirmative defense and therefore was properly stricken where (1) this claim does not assert a new matter by which plaintiff's cause of action is defeated and (2) section 15-1503 provides that any issues arising from the section are to be raised in a motion to dismiss.

¶ 25    An affirmative defense assumes that the defendant would otherwise be liable, if the facts alleged by the plaintiff are true, but asserts new matter by which the plaintiff's apparent right to recovery is overcome. *Vroegh v. J & M Forklift*, 165 Ill. 2d 523, 530 (1995). An affirmative defense is comprised of allegations that do not negate the essential elements of the plaintiff's cause of action, but rather admit the legal sufficiency of the cause of action, and assert new matter by which the plaintiff's apparent right of recovery is defeated. *Id.*

¶ 26    Section 15-1503(b) provides, in relevant part:

"With respect to residential real estate, a copy of the notice of foreclosure *** shall be

sent by first class mail, postage prepaid, to the municipality within the boundary of which the mortgaged real estate is located \*\*\*. \*\*\* Additionally, if the real estate is located in a city with a population of more than 2,000,000, \*\*\* the party must, within 10 days after filing the complaint or counterclaim: (i) send by first class mail, postage prepaid, a copy of the notice of foreclosure to the alderman for the ward in which the real estate is located and (ii) file an affidavit with the court attesting to the fact that the notice was sent to the alderman for the ward in which the real estate is located. *The failure to send a copy of the notice to the alderman or to file an affidavit as required results in the dismissal without prejudice of the complaint or counterclaim on a motion of a party or the court.*"

(Emphasis added.)  735 ILCS 5/15-1503(b) (West 2016).[2]

Defendant here makes much out of plaintiff's alleged failure to follow the requirements of section 15-1503(b) but he himself has failed to comport with the statute when he raised this issue as an affirmative defense and not in a motion to dismiss.  As emphasized in the text of the statute, the failure to file an affidavit as required can be asserted by the court or upon a motion from a party.  See *id.*  In this case, defendant did not raise his issues with the affidavit in a motion to dismiss; accordingly, the circuit court correctly dismissed his affirmative defense under section 2-615 of the Code.

¶ 27                               Motion for Summary Judgment

¶ 28    Defendant next asserts that summary judgment was inappropriately granted in plaintiff's favor where (1) the prove up affidavit failed to meet the requirements of Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) and Rule 113(c), and (2) plaintiff lacked standing.

---

[2] Just before defendant filed its notice of appeal, the General Assembly amended section 15-1503(b).  It now provides that failure to send a copy of the notice to the alderman or file an affidavit results "in a stay of the foreclosure action on a motion of a party or the court."  Pub. Act 101-399 (eff. Aug. 16, 2019) (amending 735 ILCS 5/15-1503(b)).  The stay will be lifted once the plaintiff presents the trial court with proof of delivery.  *Id.*

¶ 29    Summary judgment is appropriate if the pleadings, depositions and admissions on file, together with the affidavits, if any, viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016); *Parkway Bank and Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 14. This court reviews *de novo* the circuit court's grant of a motion for summary judgment. *US Bank, National Association v. Avdic*, 2014 IL App (1st) 121759, ¶ 18. *De novo* consideration means this court performs the same analysis as the circuit court in deciding a motion for summary judgment. *Khan*, 408 Ill. App. 3d 564, 578 (2011). Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt. *Korzen*, 2013 IL App (1st) 130380, ¶ 14.

¶ 30                                    *Rule 191(a)*

¶ 31    Defendant first asserts that Vieau's affidavit failed to conform to Rule 191(a) where the affiant lacked personal knowledge and familiarity with plaintiff's business records. In response, plaintiff asserts that defendant forfeited this argument by failing to raise it before the circuit court. We agree with plaintiff. Our review of the record reveals that defendant never asserted a violation of Rule 191(a) before the circuit court and thus the circuit court was deprived of the opportunity to correct any such errors. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14 (The purpose of the forfeiture rule "is to encourage parties to raise issues in the trial court, thus ensuring both that the trial court is given an opportunity to correct any errors prior to appeal and that a party does not obtain a reversal through his or her own inaction."). Therefore, we find this argument has been forfeited on appeal. *Id.* (declining to consider an argument that party failed to raise before the trial and appellate courts).

¶ 32                                                     *Rule 113*

¶ 33    Defendant next argues that the prove up affidavit failed to conform to Rule 113 in various

ways.  Illinois Supreme Court Rule 113(c)(1) (eff. July 1, 2018), provides that "All plaintiffs

seeking a judgment of foreclosure, under section 15-1506 of the Illinois Mortgage Foreclosure

Law (735 ILCS 5/15-1506), by default or otherwise, shall be required to submit an affidavit in

support of the amounts due and owing under the note when they file any motion requesting a

judgment of default against a mortgagor or a judgment of foreclosure."  Rule 113(c)(2) further

provides:

    "All affidavits submitted in support of entry of a judgment of foreclosure, default or

    otherwise, shall contain, at a minimum, the following information:

        (i) The identity of the affiant and an explanation as to whether the affiant is a

    custodian of records or a person familiar with the business and its mode of operation. If

    the affiant is a person familiar with the business and its mode of operation, the affidavit

    shall explain how the affiant is familiar with the business and its mode of operation.

        (ii) An identification of the books, records, and/or other documents in addition to

    the payment history that the affiant reviewed and/or relied upon in drafting the affidavit,

    specifically including records transferred from any previous lender or servicer.  The

    payment history must be attached to the affidavit in only those cases where the

    defendant(s) filed an appearance or responsive pleading to the complaint for foreclosure.

        (iii) The identification of any computer program or computer software that the

    entity relies on to record and track mortgage payments. Identification of the computer

    program or computer software shall also include the source of the information, the

    method and time of preparation of the record to establish that the computer program

produces an accurate payment history, and an explanation as to why the records should be considered 'business records' within the meaning of the law." Ill. S. Ct. R. 113(c)(2) (eff. July 1, 2018).

¶ 34    Upon reviewing Vieau's affidavit, we disagree with defendant that it is insufficient under Rule 113 so as to require reversal of the summary judgment. First, defendant complains that the affiant failed to identify the documents attached to the affidavit as required under Rule 113(c)(2)(ii). Defendant asserts that the affiant should have identified each specific document attached in the content of the affidavit so as to be in compliance with Rule 113. We find nothing in the language of Rule 113(c)(2)(ii) which requires the affiant to identify each and every document attached to and/or used in support of the affidavit; particularly where, as here, those documents are titled and easily discernable.

¶ 35    Second, defendant asserts that Vieau's affidavit does not substantially comply with the form affidavit as indicated under Rule 113(c)(4). Specifically, defendant notes that absent from the prove up affidavit is the amount of the loan in default at the time of the transfer from PNC to plaintiff.

¶ 36    Rule 113(c)(4) states that the "affidavit prepared shall, at a minimum, be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix." Ill. S. Ct. R. 113(c)(4) (eff. July 1, 2018). The form in the appendix provides:

> "[If the loan was previously serviced by another entity, the affidavit should provide as follows for the most recent transfer of servicing rights: _____ (name of the bank) acquired the servicing rights for the Defendant's loan on _____ (date) from _____ (name of the prior institution). At the time of this transfer, the Defendant's loan was

_____ (current, or state the amount by which the loan was in default at the time of the transfer).].”

The prove up affidavit states as follows:

"Nationstar took over servicing of the loan from PNC Bank on 05/01/2017. At the time of the transfer, the loan was past due. The information from the records of prior servicer(s) have/has been incorporated into the business records of Nationstar.”

¶ 37    Comparing the form to the affidavit in this case, we find that the language of the affidavit is in substantial compliance with Rule 113(c)(4). Rule 113(c)(4) clearly states that the affidavit need only "substantially” adopt the appearance and content of the form provided. While the Vieau affidavit did not indicate the exact amount by which the loan was in default at the time of the transfer, it did reference the business records attached which included that amount. Moreover, defendant defaulted when he failed to pay the March 2017 payment, a mere two months prior to the transfer of the loan. Additionally, the complaint, which was filed in September 2017, indicated the amount due was $507,925.48. It is apparent from the documents attached to Vieau's affidavit the amount due when the loan was transferred from PNC to plaintiff.

¶ 38                                    *Standing*

¶ 39    Defendant also argues, in a cursory fashion, that the entry of summary judgment in favor of plaintiff was improper where his affirmative defenses raised material questions of fact as to plaintiff's standing.

¶ 40    Defendant here fails to present a cogent legal argument to support his claim. The appellant has the burden of establishing error by the circuit court. *Flynn v. Vancil*, 41 Ill. 2d 236, 241 (1968); *Chicago Title & Trust Co. v. First Arlington National Bank*, 118 Ill. App. 3d 401,

413 (1983). As we frequently note, "[a] reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research." *Pecora v. Szabo*, 109 Ill. App. 3d 824, 825–26 (1982). Further, under Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016), appellants must support the points that they raise with argument and citation to proper authority; if they fail to provide such support, they forfeit review of those points. See *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 19. Forfeiture occurred here because defendant has failed to provide a clear explanation, supported by citation to appropriate authority, of why his lack-of-standing defense should have precluded summary judgment from being entered in plaintiff's favor. See *id.* Moreover, as stated above, defendant's claims that the note lacked an endorsement in blank and that there was no assignment were incorrect and belied by the record. Accordingly, notwithstanding defendant's forfeiture of this issue, we conclude that summary judgment was properly entered in plaintiff's favor.

¶ 41                                   Motion to Confirm the Sale

¶ 42    Lastly, defendant argues the motion to confirm the sale of the property was improperly entered where justice was not otherwise done under section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2016)). Specifically, defendant maintains that justice was not otherwise done where summary judgment was entered pursuant to a defective affidavit and the circuit court inappropriately struck his affirmative defenses.

¶ 43    Under the Foreclosure Law, the circuit court shall confirm the sale of the property unless it finds that one of four grounds exist to disapprove the sale: "(i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) justice was otherwise not done." 735 ILCS 5/15-

1508(b) (West 2016); *Barnes*, 406 Ill. App. 3d at 4. The Foreclosure Law expressly provides that when "shall" is used, it means that something is mandatory and not permissive. 735 ILCS 5/15-1105(b) (West 2016); *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008) (holding the trial court must approve the judicial sale unless it finds that any of the four specified exceptions in section 15-1508(b) of the Foreclosure Law are present). Our supreme court has explained that a borrower seeking relief under section 15-1508(b)(iv) must demonstrate "either the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests." *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 26.

¶ 44    The Foreclosure Law, and the case law interpreting it, is clear that whether the order approving the sale was proper is reviewed for an abuse of discretion. *Lewis*, 229 Ill. 2d at 178. "The circuit court abuses its discretion if it committed an error of law or where no reasonable person would take the view adopted by the court." *Avdic*, 2014 IL App (1st) 121759, ¶ 18. The party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disapprove the sale. *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32.

¶ 45    In this appeal, defendant maintains that the circuit court erroneously confirmed the sale of the property where the notice of sale was insufficient under section 15-1508(b)(iv) of the Foreclosure Law. 735 ILCS 5/15-1508(b)(iv) (West 2016). Defendant did not argue section 15-1508(b)(iv) before the circuit court and therefore we find his argument on appeal to be forfeited. See *Preservation Holdings, LLC v. Norberg*, 2019 IL App (1st) 181136, ¶ 20 (declining to consider one of the defendant's new arguments regarding the confirmation of the sale of the

property where the defendant failed to raise it before the circuit court); *1010 Lake Shore Ass'n*, 2015 IL 118372, ¶ 14 (declining to consider an argument that party failed to raise before the trial and appellate courts).

¶ 46                                        CONCLUSION

¶ 47    For the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

¶ 48    Affirmed.